1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

LAURIE  INGRAM,

              Plaintiff,

    v.

WELFARE & PENSION
ADMINSTRATION SERVICE, INC.; and
NORTHWEST INSULATION WORKERS
WELFARE TRUST,

              Defendants.

NO.

**COMPLAINT FOR STATUTORY
PENALTY – ERISA §502(c)(1)**

Plaintiff LAURIE INGRAM, by and through her undersigned attorneys, alleges as follows:

## I.      **PARTIES, JURISDICTION & VENUE**

1.1  <u>Plaintiff</u>.  Plaintiff Laurie Ingram is an individual who at all times material to this action has resided in the state of Washington, and has been a beneficiary of the Northwest Insulation Workers Welfare Trust.

1.2  <u>Defendant Trust</u>. On information and belief, Defendant Northwest Insulation Workers Welfare Trust ("Trust") is a business entity arising and existing under the laws of the state of Washington with its headquarters located at 7525 SE 24th St #200, Mercer Island,

COMPLAINT- 1

STRITMATTER KESSLER KOEHLER MOORE
3600 15th Ave. W.#300 | Seattle, WA  98119
Tel: 206-448-1777

1  Washington 98040. The Trust is a joint labor-management trust fund created under Section

2  302(c) of the Labor Management Relations Act, 29 U.S.C. §186(c) and the Employee Retirement

3  Income Security Act of 1974 ("ERISA"), 29 U.S.C. §§1001, *et seq*., as amended.

4  1.3  Defendant WPAS.  At all times material to this action, Defendant Welfare &

5  Pension Administration Service, Inc. ("WPAS"): (a) has been a business entity arising and

6  existing under the laws of the state of Washington, UBI number 601-018-465, with its

7  headquarters located at 7525 SE 24th St #200, Mercer Island, Washington 98040, and its

8  principal mailing address of P.O. Box 34203, Seattle, Washington 98124-1203, (b) has

9  maintained post office box number 34203, Seattle, Washington 98124-1203, for the receipt of

10  correspondence, including but not limited to correspondence from the Trust's participants and

11  beneficiaries, (c) has maintained the telephone number (844) 811-6789, option 4, for receiving

12  telephone calls from persons including but not limited to the Trust's participants and

13  beneficiaries; and (d) has had as its registered agent for the service of process WPAS at 7525 SE

14  24th St #200, Mercer Island, Washington 98040-2341.

15  1.4  Subject Matter Jurisdiction.  This Court has jurisdiction over the subject matters of

16  this action pursuant to 29 U.S.C. §1132(e)(1).

17  1.5  Personal Jurisdiction and Service of Process.  This Court has personal jurisdiction

18  over each Defendant in this action because this Court has subject matter jurisdiction over the

19  claims against that Defendant and that Defendant has been duly served with process in this

20  action according to law.

21  1.6  Venue.  The United States District Court for the Western District of Washington at

22  Seattle is the proper venue for this action pursuant to 28 U.S.C. §1391(b)(1), because each

23  Defendant resides in this district where it is subject to this Court's personal jurisdiction with

24  COMPLAINT- 2

respect to this civil action, and/or pursuant to 28 U.S.C. §1391(b)(2), because a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; and/or under 29 U.S.C. §1392(e)(2), because the Defendant's Trust's Plan is administered by Defendant WPAS in this judicial district, the breaches alleged took place in this judicial district, and each Defendant resides or may be found in this judicial district.

## II.     BACKGROUND

2.1   Plan. At all times material to this action, Defendant Trust has maintained an employee welfare benefit plan ("Plan"), one of whose beneficiaries is Plaintiff Laurie Ingram. The Plan provided health care benefits to Plaintiff, some of which were paid because of injuries she alleged she received in an incident that occurred on November 13, 2013, that forms the basis of a lawsuit she brought in King County Superior Court under cause number 16-2-21126-7 KNT against those she alleged to be responsible for causing her injuries ("Personal Injury Lawsuit").

2.2   Plan Administrator.  At all times material to this action, Defendant WPAS has been the administrator of the Plan; alternatively, Defendant Trust, by and through Defendant Trust's Board of Trustees, has been the administrator of the Plan.

2.3   *De facto* Plan Administrator.  At all times material to this action, Defendant WPAS has been the *de facto* administrator of the Plan.

2.4   Plan Sponsor.  At all times material to this action, Defendant Trust has been the sponsor of the Plan.

2.5   Plan Agents. At all times material to this action:  Agents of the Plan have included each Defendant and The Rawlings Company. Defendant WPAS has been an agent of Defendant Trust.  All actions taken by these agents with respect to Plaintiff have been within the course and

STRITMATTER KESSLER KOEHLER MOORE
3600 15th Ave. W.#300 | Seattle, WA  98119
Tel: 206-448-1777

scope of the agents' duties on behalf of their principal(s). The agency of each of them has been actual and/or apparent to Plaintiff and her attorneys.

2.6   <u>Plan Beneficiary</u>. At all times material to this action, Plaintiff Laurie Ingram has been a beneficiary of the Plan.

2.7   <u>Notice of Change in Administrator</u>.  On or about May 26, 2016, Defendant Trust sent a notice to its Plan participants, a true and correct copy of which notice is attached to this complaint as *Exhibit A*. This notice states, in part, that beginning on June 1, 2016, the Northwest Insulation Workers Welfare Trust Plan Administrator became WPAS, Inc., P.O. Box 34203, Seattle, WA 98124-1203.

2.8   <u>Website</u>.  On the home page of the Trust's website, www.nwinsulationtrust.com, at all times material to this action, the following statement appeared:

**June 1, 2016 – New Administrator**

Effective June 1, 2016, Welfare & Pension Administration Service, Inc. (WPAS) has been selected as the new Administrator for the Trust. WPAS will assume responsibility for administration of health plan enrollment and eligibility processing. WPAS is a Union shop that specializes in the administration of Union benefit plans.

At the bottom of that webpage was stated "Administered by Welfare & Pension Administration Service, Inc." and "© Welfare & Pension Administration Service, Inc."

2.9   <u>Address on File with the Department of Labor</u>.  At all times material to this action, the United States Department of Labor's records have shown that the identity and mailing address of Defendant Plan's Administrator WPAS are the same as those stated in *Exhibit A* to this Complaint.

2.10   <u>Reasonable Inferences</u>. It is reasonable to infer, and thus on the basis of information and belief, and subject to discovery, it is true, that: (a) Defendant Trust and/or Defendant WPAS

COMPLAINT- 4

STRITMATTER KESSLER KOEHLER MOORE
3600 15th Ave. W.#300 | Seattle, WA  98119
Tel: 206-448-1777

communicated the identity and mailing address of Defendant Plan's Administrator as stated in *Exhibit A* to the Department of Labor; and (b) Defendant Plan's Plan Document identifies the Defendant Plan's Administrator and its address as those stated in *Exhibit A*.

2.11 <u>Method of Request As Prescribed by Plan Documents</u>. On information and belief formed after a reasonable inquiry, and subject to discovery, at all times material to this action, Defendant Plan's documents prescribed that a Plan beneficiary's request for Plan documents be made in writing to Defendant WPAS, Inc., P.O. Box 34203, Seattle, WA 98124-1203.

2.12 <u>Plaintiff's Document Request</u>.   On June 7, 2017, Plaintiff Laurie Ingram's attorneys, acting on her behalf, sent by regular United States Mail, first-class postage prepaid, in an envelope addressed to WPAS, as Plan Administrator for the Trust, at P.O. Box 34203, Seattle, WA 98124-1203, a letter, a true and correct copy of which is attached to this Complaint as *Exhibit B* ("Plaintiff's Document Request"). The body of this letter states, in part:

> This law firm represents Laurie Ingram, spouse of Roger Ingram. Please provide within the time required by law a copy of her health insurance plan, to include the insurance policy as well as the latest updated summary, plan description, and the latest annual report, any terminal report, the bargaining agreement, trust agreement, contract, or other instruments under which the plan is established or operated

2.13   <u>Clear Notice</u>.  Plaintiff's Document Request provided Defendants clear notice of the documents requested.

2.14   <u>Defendants' Obligations</u>.  Within 30 days of the date of Plaintiff's Document Request, Defendants were obliged by 29 U.S.C. §1024(b)(4) to furnish Plaintiff the documents requested in Plaintiff's Document Request.

2.15   <u>Telephone Calls</u>.  On or about March 5, 2018, at approximately 2:25 p.m., Jeanne Laird, a paralegal from Plaintiff's attorneys' office spoke with a person named Jeremy answering

STRITMATTER KESSLER KOEHLER MOORE
3600 15th Ave. W.#300 | Seattle, WA  98119
Tel: 206-448-1777

the telephone number of the Defendant WPAS.  Ms. Laird read Plaintiff's Document Request to Jeremy, who referred Ms. Laird to speak to Luke Kemper of Defendant WPAS.  Ms. Laird left a voicemail message for Mr. Kemper.  Later on March 5, 2018, at approximately 3:18 p.m., Mr. Kemper called Ms. Laird and provided her a secure message containing the NW Insulation Workers Health Plan Booklet.  Defendant WPAS did not return those calls.  On March 9, 2018, Ms. Laird again telephoned Defendant WPAS and spoke with an individual who directed her to Michelle Hill of Defendant WPAS.  Ms. Laird left a voicemail message for Ms. Hill.  Ms. Hill emailed Ms. Laird, acknowledging receipt of the voicemail message and asked that the Plaintiff's Document Request be forwarded to her.  Ms. Laird therefore emailed the letter to Ms. Hill on March 9, 2018 at 4:23 p.m.  On March 23, 2018 and April 5, 2018, Ms. Laird attempted to follow up with Ms. Hill by email and phone but received no response.

2.16   <u>No Charge</u>. Neither Defendant made a charge to cover the cost of furnishing complete copies of the documents requested in Plaintiff's Document Request.   Neither Defendant communicated to Plaintiff that the Plan administrator had made or intended to make a charge to cover the cost of furnishing complete copies of the documents requested in Plaintiff's Document Request.

2.17   <u>Response Plaintiff's Document Request</u>.  Other than the NW Insulation Workers Health Plan Booklet, Defendant provided none of the documents sought in Plaintiff's Document Request.

2.18   <u>Attorneys' Fees & Costs</u>. In bringing this action, Plaintiff Laurie Ingram is incurring attorneys' fees and costs in amounts to be proven at trial.

COMPLAINT- 6

STRITMATTER KESSLER KOEHLER MOORE
3600 15th Ave. W.#300 | Seattle, WA  98119
Tel: 206-448-1777

## III.   CAUSE OF ACTION:
### BREACH OF DUTY TO PROVIDE PLAN DOCUMENTS

3.1   Prior allegations.   Plaintiff incorporates and re-alleges each allegation stated above.

3.2   Right to Plan Documents.   Subsection 1024(b)(4), Title 29, United States Code, confers upon Plaintiff, as a Plan beneficiary, an absolute right to receive from the Plan administrator information of the type sought in Plaintiff's Document Request.

3.3   Violation.   Defendants failed or refused to comply with Plaintiff's Document Request by mailing the material requested to the last known address of Plaintiff within 30 days after such request, and thereby violated, and continue to violate, 29 U.S.C. §1024(b)(4) and 29 U.S.C. §1132(c)(1).

3.4   Cause of Action.   Section 1132(a)(1)(A), Title 29 United States Code prescribes a cause of action to a plan participant or beneficiary to bring a civil action against an ERISA plan administrator to obtain the relief provided in 29 U.S.C. §1132(c)(1).

3.5   Penalty Amount.   The accumulated maximum daily penalty under Section 29 U.S.C. §1132(c)(1), as supplemented by 29 C.F.R. §2575.52c-1, for the Defendants' violations is $110.00 per day, measured from July 7, 2017 through February  28, 2019 (602 days), is $66,220.00, plus Plaintiff's reasonable attorneys' fees and costs incurred in enforcing the penalty, and is ongoing.

3.6   Maximum Penalty Justified.   A penalty of $110.00 per day, as described in the foregoing paragraph, is justified for reasons that include, but are not limited to, the following: Defendants, in breach of their statutory and fiduciary duties to Plaintiff, (1) failed to respond to Plaintiff's Document Request, (2) failed to respond to repeated requests by Plaintiff's attorneys'

COMPLAINT- 7

office to communicate by telephone and e-mail with the Plan administrator regarding the status of Plaintiff's Document Request, and, (3) on information and belief formed after a reasonable inquiry, and subject to future discovery, communicated to The Rawlings Company, but not directly to Plaintiff, while settlement of the Plan's subrogation claim arising from the underlying lawsuit was being negotiated, (a) that Defendant WPAS was not the Plan administrator (an untrue statement), (b) that Plaintiff's attorneys had not sent Plaintiff's Document Request to an address that would trigger a legal obligation to respond (an untrue statement), and (c) that Defendant WPAS had no record of receiving Plaintiff's Document Request.  Still, neither any Defendant nor The Rawlings Company has ever denied to Plaintiff or her attorneys that Defendant WPAS received Plaintiff's Document Request.  Moreover, Defendants' behavior has subjected Plan assets to liabilities, which funds could otherwise be used to fund and/or administer benefits for all Plan beneficiaries, and has thereby harmed the entire class of Plan beneficiaries.  Defendants' inexplicable non-responsiveness delayed settlement. Furthermore, Defendants' failures to respond to Plaintiff's attorneys' inquiries described above caused Plaintiff frustration, trouble and expense, and prejudiced her ability to completely offset Defendant Trust's subrogation claim by the amount of the penalty owed to Plaintiff under 29 U.S.C. §1132(c)(1), leading instead to her agreement to pay $1,000.00 to resolve the subrogation claim.  Moreover, a plan participant that prevails under Section 1132 should ordinarily recover an attorney's fee unless to do so would be unjust. *See, e.g.*, *Smith v. CMA-IAM Pension Trust*, 746 F.2d 587, 589 (9th Cir. 1984) (citing *Landro v. Glendenning Motorways, Inc.*, 625 F.2d 1344, 1356 (8th Cir. 1980) (quoting *Newman v. Piggie Park Enterprises*, 390 U.S. 400, 402 (1968)); 29 U.S.C. §1132(g).

COMPLAINT- 8

1

## IV.    RELIEF REQUESTED

2          WHEREFORE, Plaintiff Laurie Ingram respectfully requests that this Court grant her the

3    following relief and enter judgment in her favor and against Defendants, jointly and severally, in

4    amounts to be determined at trial:

5          A.      The amount of the accumulated daily statutory penalty provided by 29 U.S.C.

6    §1332(c)(1), in the amount of up to $110 per day, from July 7, 2017, until the date of the final

7    judgment is entered in this action;

8          B.      Her reasonable attorneys' fees and costs of suit, to the extent allowed by 29

9    U.S.C. §1132(g), and/or other law;

10         D.      Pre-judgment interest on the foregoing sums, to the extent allowed by law; and

11         E.      Such other and further amounts as the Court may deem appropriate.

12         DATED this 19th day of February 2019.

13                                                  STRITMATTER KESSLER KOEHLER MOORE

14                                                  By: S/ Paul L. Stritmatter
                                                       Paul L. Stritmatter, WSBA No. 4532
15                                                  3600 15th Ave W #300
                                                    Seattle, WA 98119
16                                                  Tel.: 206-448-1777
                                                    E-mail: pauls@stritmatter.com
17
                                                    By: S/ Daniel R. Laurence
18                                                     Daniel R. Laurence, WSBA No. 19697
                                                    3600 15th Ave W #300
19                                                  Seattle, WA 98119
                                                    Tel.: 206-448-1777
20                                                  E-mail: dan@stritmatter.com

21                                                  Attorneys for Plaintiff

22

23

24   COMPLAINT- 9